UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOHN G.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY, et al.,

        Defendants.

_____/

Case No. 1:24-cv-558

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

On June 6, 2025, this Court reversed the decision of the Commissioner of Social Security ("the Commissioner") and remanded this case under sentence four of 42 U.S.C. § 405(g) for further proceedings.  ECF No. 12.  Counsel did not request EAJA fees in this case because Plaintiff's net worth exceeds the statutory limit.  ECF No. 14, PageID.560.

On November 9, 2025, the Commissioner awarded Plaintiff Social Security disability benefits dating back to September 21, 2022.  ECF No.14-2, PageID.578. The Commissioner calculated that Plaintiff's past due benefits totaled $114,306.  *Id.*, PageID.577-80.  The Commissioner withheld $28,576.50 in past due benefits – twenty-five percent of the total – to pay Plaintiff's representative.  *Id.*, PageID.580. On December 13, 2025, Plaintiff's counsel filed a motion for attorney's fees under 42 U.S.C. § 406(b).  ECF No.14.  Plaintiff's counsel requests "an amount between

$15,210.00 to $22,750.00, or up to no more than the full 25% of the Plaintiff's back due benefits owed of $28,576.50." *Id.*, PageID.554.

The Commissioner has responded to the motion requesting Section 406(b) fees and takes no position on Counsel's request.  ECF No. 15.

## II.  Analysis

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A). "The statute deals with administrative and judicial review stages discretely:  § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *see Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019).  "[E]ach tribunal may award fees only for the work done before it."  *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits.  "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792.   Section 406(b) "does not authorize the prevailing party to recover fees from the losing party.  Section 406(b) is of another

2

genre:  It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802.

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements.  In *Gisbrecht*, the Court explained as follows:

> [Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807.

Counsel and Plaintiff executed a retainer agreement in which Plaintiff agreed to pay counsel up to twenty-five percent (25%) of past-due benefits awarded.  ECF No. 14-3, PageID.584.  Although there exists a presumption of reasonableness to a 25 percent contingency-fee arrangement, counsel is not automatically entitled to 25 percent of his client's past-due benefits.  *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014).  Instead, the Court has an independent obligation to assess the reasonableness of a request for attorney fees to ensure counsel does not enjoy a "windfall."  *Gisbrecht*, 535 U.S. at 807.  The Court may order a downward adjustment when the "the benefits are large in comparison to the amount of time counsel spent on the case."  *Id.* at 808.  The Sixth Circuit has stated:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Hayes v. Secretary of HHS*, 923 F.2d 418, 421 (6th Cir. 1990).

Plaintiff's Counsel asserts that he spent 16.25 billable hours on Plaintiff's case. ECF No. 14, PageID.570.  Plaintiff's Counsel states that $15,210.00 to $22,750.00 range derives from a base hourly rate between $936.00 to $1,400 – double the average 75th to 95th percentile billing rates for administrative attorneys.  *Id.*, PageID.572.

While the requested award equates to a significant hourly rate, counsel should not be punished for obtaining exemplary results in an efficient manner. *See, e.g., Kazanjian v. Astrue*, No. 09 civ. 3678(BMC), 2011 WL 2847439 at *2 (E.D.N.Y. July 15, 2011) (where counsel requested more than $48,000 in Section 406(b) fees for less than 20 hours work, the court observed that counsel "should not, however, be penalized for being efficient, which is exactly what I would be doing if I cut his requested fee"). The Court must also take into consideration the general risk associated with contingent fee cases. *See, e.g., Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836 at *5 (E.D. Mich. Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with minimal risk).

It is important to note, first, that counsel for the Commissioner of the Social Security Administration does not oppose this request.  ECF No. 15.  Second, Counsel for Claimant appears to have complied with the requirements of Western District of Michigan's Local Civil Rule 54.2, concerning Attorney's fees in certain Social Security Cases.  *See* W.D. Mich. LCivR 54.2.  Third, the Counsel for Claimant filed an affidavit by Claimant in which the Claimant supported counsel's request.  ECF No. 14-4.

Considering all the relevant circumstances, the Court finds counsel's request

to be reasonable.  In the opinion of the undersigned, $15, 210.00 is a reasonable fee for Plaintiff's Counsel representation in this matter.  A fee of $15,210.00 falls within Counsel's requested range but accounts for the Court's obligation to assess reasonableness in attorney fees.

### III.  Recommendation

It is respectfully recommended that the Court GRANT Counsel's request for fees under 42 U.S.C. § 406(b) and award $15,210.00.

In this case, Counsel did not receive prior EAJA fees.  As such, there is not an applicable EAJA refund.

Dated:  May 19, 2026                    /s/ *Maarten Vermaat*
                                        MAARTEN VERMAAT
                                        U.S. MAGISTRATE JUDGE

### NOTICE TO PARTIES:

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).